No. 21-1921

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


JOACHIM MARTILLO
Plaintiff-Appellant,


v.


TWITTER, INC.; FACEBOOK, INC.; A MEDIUM CORPORATION;
LINKEDIN CORPORATION; THE STANFORD DAILY PUBLISHING
CORPORATION; HARVARD CRIMSON, INC.
Defendants-Appellees.

———————

APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MASSACHUSETTS


**<u>Notice of Defendant-Appellee Twitter, Inc.
of Non-Service of Appellant's Brief</u>**

Defendant-appellee Twitter, Inc. ("Twitter") submits this

Notice that it was never served with plaintiff-appellant Joachim

Martillo's ("Martillo") Appellant Brief, as required by Fed. R. App. P.

25(b-d) and Local Rule 25.0.  In support of its Notice, Twitter states the following:

Martillo initially filed suit against Twitter and numerous other defendants in the U.S. District Court for the District of Massachusetts in or around August 2021.  *See Martillo v. Twitter, et al.*, No. 21-cv-11119.  Martillo did not serve the complaint in that action prior to the Court (Stearns, J.) dismissing his complaint *sua sponte* with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Martillo thereafter filed the present appeal and eventually filed his Appellant Brief with this Court on or about December 26, 2021.  Although Martillo's brief contains a Certificate of Service, that Certificate fails to comply with Rule 25(d) because it does not state the "manner of service," the "name[s] of the person[s] served," or the "mail or electronic addresses" at which service purportedly occurred.  *See* Appellant's Brief at p. 73.  In other words, Martillo did not satisfy his obligation to inform the Court *who* he served, *how* he accomplished service, or *where* service was made.

Martillo's omission of these required details is significant, given that, to date, he has not actually served Twitter.  Indeed, Twitter has not received service of Martillo's brief, whether by mail, in person,

electronically, or otherwise.[1]  Twitter therefore respectfully asks this Court to require Martillo to properly complete service upon Twitter and submit an accurate Certificate of Service, after which Twitter will timely file its Appellee Brief.

January 18, 2022

TWITTER, INC.
By its attorney,

*/s/ Kenneth N. Thayer*
Kenneth N. Thayer (Bar No. 1186653)
thayer@sugarmanrogers.com
Sugarman, Rogers, Barshak & Cohen, PC
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 2273030

---

[1] Because Twitter has not been served with Martillo's Appellant Brief, pursuant to Rule 31(a)(1) the 30-day time period for Twitter to file and serve its Appellee Brief has not yet begun to run.

## Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 32(g)(1), that this Notice complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6).

/s/ Kenneth N. Thayer

## Certificate of Service

I hereby certify that, on the date listed above, a copy of this document has been served on plaintiff-appellant *pro se*, Joachim Martillo, by U.S. Mail and by email, as Mr. Martillo is not a registered user of the Court's ECF system.

/s/ Kenneth N. Thayer

4890-3037-6714, v. 1